I.D. 6184814                                                                                             File No. 4399

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GEORGE SOURI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| V. | ) | **15 CV 8173** |
| | ) | |
| **JACK KOZARITZ, individually and as agent,** | ) | |
| servant or employee of the City of Chicago and | ) | |
| the **CITY OF CHICAGO,** a municipal corporation, | ) | **PLAINTIFF DEMANDS** |
| | ) | **JURY TRIAL** |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

**NOW COMES** the Plaintiff, GEORGE SOURI ("hereinafter referred to as "SOURI"), by and through his attorney, ZANE D. SMITH ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Defendants, JACK KOZARITZ, individually and as agent, servant or employee of CITY OF CHICAGO, and CITY OF CHICAGO, a municipal corporation:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§1331 and 1343 (a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

## PARTIES

2. GEORGE SOURI, is, and at all times material was, a citizen of the State of Illinois and the United States.

3. JACK KOZARITZ was employed by CITY OF CHICAGO (hereinafter referred to as "CHICAGO"), on September 23, 2014, the date GEORGE SOURI alleges said employee committed the misconduct complained of herein.

4. CHICAGO is a duly incorporated municipal corporation and is the employer of the above referenced Defendant, JACK KOZARITZ . At all times material to this Complaint, JACK KOZARITZ was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of CHICAGO.

**FACTS COMMON TO ALL COUNTS**

5. At all times, it was the duty of Defendant, CITY OF CHICAGO, to properly train its officers so as to avoid the use of unreasonable force.

6. On September 23, 2014 Plaintiff was a patron at the Starbucks Coffee Store located at 1001 W. Madison Street in the CITY OF CHICAGO, County of Cook, State of Illinois.

7. At the aforesaid time Defendant, KOZARITZ, was also a patron at the Starbucks Coffee Store located at 1001 W. Madison Street in the CITY OF CHICAGO, County of Cook, State of Illinois.

8. At all times material and relevant, Plaintiff was in the exercise of due care and caution for his own safety, and the safety of others.

9. At the aforesaid time and place, Defendant, KOZARITZ began to verbally assault and threaten bodily harm to Plaintiff and identified himself as a Chicago Police Officer.

10. Defendant, KOZARITZ then exited the Starbucks.

11. When Plaintiff exited the Starbucks, Defendant, KOZARITZ, violently grabbed Plaintiff, proceeded to handcuff Plaintiff and roughly threw him into a City of Chicago Police Vehicle which had arrived at the request of Defendant, KOZARITZ causing injury to Plaintiff.

12. The use of excessive force initiated and utilized by Defendant KOZARITZ resulted in injury to Plaintiff.

13. The use of force initiated and utilized by Defendant KOZARITZ was excessive, unreasonable, unnecessary and willful, and recklessly disregarded the rights of the Plaintiff.

14. Defendant KOZARITZ willfully, and with utter disregard for the rights and safety of the Plaintiff, injured the Plaintiff. Said conduct was performed deliberately; with oppression; with such gross negligence so as to indicate a wanton disregard for the rights of the Plaintiff; and

with evil motive and reckless indifference to the rights of the Plaintiff to be free from bodily injury and psychological injury.

15. The use of force initiated and utilized by Defendant KOZARITZ and the failure of other agents or employees of Defendant, CHICAGO, to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff, causing him to sustain injury.

16. As a direct and proximate result of one or more of the aforesaid acts and omissions of the Defendant, KOZARITZ, the Plaintiff SOURI, sustained serious and permanent injuries, causing pain, suffering and mental anguish both now and in the future.

## COUNT I

17. SOURI re-alleges, restates and incorporates paragraphs 1-16 of this Complaint as if fully set forth herein.

18. The Defendant's actions amounted to an excessive use of force unto SOURI and violated his Fourth Amendment right to be free from unreasonable seizure.

19. The above-referenced actions of the Defendant constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

20. The aforementioned actions of Defendant KOZARITZ were the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE,** the Plaintiff, GEORGE SOURI, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD. respectfully requests that this Honorable Court enter judgment against JACK KOZARITZ in his favor and award him compensatory damages, punitive damages, attorney's fees, the costs incurred in this matter and any further relief for Plaintiff that this Honorable Court deems fair and just.

## COUNT II

21. SOURI re-alleges, restates and incorporates paragraphs 1-20 of this Complaint as if fully set forth herein.

22. The acts of the Defendant, KOZARITZ, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which SOURI did

not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injury, pain and suffering.

23. The acts of the Defendant, KOZARITZ, as described above, placed the Plaintiff in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

**WHEREFORE**, Plaintiff GEORGE SOURI, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD. demands compensatory damages from the Defendant, JACK KOZARITZ . The Plaintiff also demands punitive damages and costs and whatever additional relief for the Plaintiff this Court deems equitable and just.

### COUNT III

24. SOURI, re-alleges, restates and incorporates paragraphs 1-23 of this Complaint as if fully set forth herein.

25. At all times material and relevant, the Defendant, JACK KOZARITZ , owed SOURI a duty to refrain from willful and wanton conduct during his interaction with him, including but not limited to, during his detention of the Plaintiff.

26. Notwithstanding said duty, JACK KOZARITZ engaged in the following willful and wanton conduct:

  a. Forceful and violently grabbed SOURI applied handcuffs and him into a City of Chicago Police Vehicle causing injury to Plaintiff;

  b. Caused SOURI to remain in the City of Chicago Police Vehicle for an extended period of time**;** and

  c. Otherwise acted with reckless disregard for the health, safety, and medical needs of SOURI.

27. As a proximate result of the above-referenced conduct, SOURI sustained injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, GEORGE SOURI, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from Defendant, ERIK

KOZARITZ. The Plaintiff also demands punitive damages and costs and whatever additional relief for Plaintiff this Court deems equitable and just.

## COUNT IV

28. SOURI re-alleges, restates and incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

29. At all times material and relevant, the Defendant CHICAGO, by and through its employees, owed SOURI a duty to refrain from willful and wanton conduct during their interactions with him, including but not limited to, during their detention of the Plaintiff.

30. Notwithstanding said duties, CHICAGO, by and through said employees, engaged in the following willful and wanton conduct:

    a. Forceful and violently grabbed SOURI applied handcuffs and him into a City of Chicago Police Vehicle causing injury to Plaintiff;

    b. Caused SOURI to remain in the City of Chicago Police Vehicle for an extended period of time; and

    c. Otherwise acted with reckless disregard for the health, safety, and medical needs of SOURI.

31. As a proximate result of the above-referenced conduct, SOURI sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, GEORGE SOURI, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against CHICAGO, and such other additional relief for Plaintiff as this Court deems equitable and just.

## COUNT V

32. SOURI re-alleges, restates and incorporates paragraphs 1-31 of this Complaint as if fully set forth herein.

33. The Defendant, JACK KOZARITZ , was at all times relevant to this complaint an employee of CHICAGO, and engaged in the conduct complained of in the course and scope of his employment and while he was on duty.

34. CHICAGO is, and was at all times material to this complaint, the employer and principal of the Defendant, JACK KOZARITZ .

35. The aforesaid acts of JACK KOZARITZ were within the scope of his employment as a member of the Chicago Police Department, was willful and wanton, and therefore the Defendant, Chicago, as principal, is liable for the actions of its agents under the doctrine of *respondent superior*.

**WHEREFORE,** the Plaintiff, GEORGE SOURI, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant, CHICAGO, and such other additional relief for Plaintiff as this Court deems equitable and just.

## **COUNT VI**

36. SOURI re-alleges, restates and incorporates paragraphs 1-35 of this Complaint as if fully set forth herein.

37. The Defendant JACK KOZARITZ was at all times relevant to this complaint an employee of CHICAGO, and engaged in the conduct complained of in the course and scope of his employment while he was on duty.

38. CHICAGO is, and was at all times material to this complaint, the employer and principal of the Defendant, JACK KOZARITZ .

39. The aforesaid acts of JACK KOZARITZ were within the scope of his employment as the Vice Principal at CHICAGO, and under color of the law and therefore the Defendant, CHICAGO, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

**WHEREFORE**, should the Defendant, JACK KOZARITZ be found liable for the acts alleged in paragraphs one through thirty-nine above, Plaintiff demands that pursuant to 745 ILCS 10/9-102, CHICAGO pay any judgment obtained against Defendant, JACK KOZARITZ , in connection with this litigation and such other additional relief for Plaintiff, as this Court deems equitable and just**.**

Respectfully submitted,
ZANE D. SMITH & ASSOCIATES, LTD.
By:   //s/ Zane D. Smith
Zane D. Smith, One of Plaintiff's Attorneys

ZANE D. SMITH & ASSOCIATES, LTD.
415 North LaSalle Street - Suite 501
Chicago, Illinois 60654
Phone: (312) 245-0031

## **CERTIFICATE OF SERVICE**

I, Zane D. Smith, an attorney, on oath state that a true and correct copy of the above document electronically filed with the Clerk of the Court on January 11, 2016, using the CM/ECF system which will send notification of such filing(s) to all attorneys of record. Under the penalties of perjury, I certify that the above statements set forth herein are true and correct.

/s//Zane D. Smith
Zane D. Smith